■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STONE, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 24, 1984, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

At about 8:30 P.M. on December 1, 1983, the sales manager of Gardner Oldsmobile, an automobile dealership in the City of Binghamton, Broome County, discovered that the garage doors to the body and paint shop were opened, a window was broken and a 1977 Oldsmobile Cutless recently taken in on trade was missing. Local police were called to the scene and an investigating officer observed a number of "sneaker" footprints on a seat in the area of the broken window. A description of the missing vehicle was dispatched by the police department.

The following morning, the police received a call from Thomas Ball, the manager of a local business establishment, who described the efforts of an individual, later identified as defendant, who attempted to borrow money from him to buy gasoline for his automobile, a 1977 Oldsmobile Cutlass, parked outside and out of gas. This car proved to be the missing vehicle. Defendant was quickly apprehended by another officer in the area, taken into custody, identified by Ball and taken to police headquarters. The sneakers defendant was wearing were taken from him and their tread was found to match the prints found at Gardner Oldsmobile. The key to the missing vehicle was found under the driver's seat of the police car in which defendant had been transported to the police station.

Oral statements made to the police by defendant at the police station, which described his activities the evening before and provided two witnesses from a local tavern who thereafter testified for the People at trial, were suppressed, *inter alia,* on the ground that they were taken in violation of his self-invoked right to remain silent. Defendant was indicted on one count of burglary in the third degree and a second count of criminal possession of stolen property in the first degree. He was found guilty of the second count, but the jury was unable to agree on the burglary charge, which, accordingly, was dismissed.

On this appeal, defendant contends that (1) there was insufficient evidence to establish that the value of the stolen vehicle exceeded $1,500 *(see,* Penal Law § 165.50), and (2) it was reversible error to admit into evidence testimony of the two witnesses whose identities were obtained as a result of statements made by defendant which had been suppressed by County Court.

First, "value" is defined in the Penal Law as "the market value of the property at the time and place of the crime" (Penal Law § 155.20 [1]). Testimony from the sales manager at

Gardner Oldsmobile, with the proper foundation, established the fair market value of the stolen vehicle at $2,300, and there is ample evidence to support the jury's verdict on the issue of value. As to the second issue on this appeal, we are of the view that since it was only a matter of hours from the time of defendant's statement to the discovery of the identity of the two prosecution witnesses from the local tavern, there was insufficient time to dissipate the connection between illegally obtained information and the witnesses' testimony (see, United States v Ceccolini, 435 US 268; People v McGrath, 46 NY2d 12, 28, cert denied 440 US 972). Accordingly, their testimony should not have been admitted. However, in view of all the other evidence against defendant, there is no reasonable possibility that the error might have contributed to defendant's conviction, and thus it was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237).

There was more than ample evidence to connect defendant with the taking of the vehicle, thereby allowing the jury to make a correlation between the taking and defendant's knowledge that the vehicle was stolen. The tread on the bottom of defendant's sneakers matched the print found on the seat inside the body shop below the broken window. Defendant claimed ownership of the vehicle the following morning and, at the time, the vehicle had plates belonging to another car on it and fake registration and inspection stickers which had been cut from an envelope belonging to defendant. An inventory search of the vehicle turned up a set of keys to a Cadillac, marked with a Gardner Oldsmobile yellow tag.* When initially confronted by the police, defendant gave a false name and disclaimed any interest in the car. In addition, the keys to the 1977 Oldsmobile Cutlass were found in the police car after defendant was removed therefrom, apparently hidden there by defendant. These facts constitute more than sufficient evidence of defendant's knowledge that the vehicle in question was stolen. The erroneous admission of the testimony of the two witnesses, which did no more than basically place defendant in the vicinity of the offense and establish that he asked directions to various car dealerships, amounted to harmless error.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* At the time of the taking, the other vehicle in the paint and body shop with the 1977 Oldsmobile Cutlass was a 1970 Cadillac.