■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT A. GEPPNER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Montgomery County (Best,

J.), rendered May 24, 1985, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, criminal possession of stolen property in the second degree and trespass.

On March 22, 1984, defendant and a friend, George Johnson, engaged in an activity they called "junking", whereby they would visit various establishments, pick up unwanted material and sell it for scrap value. At approximately 11:30 P.M. on that day, with defendant driving his pickup truck in the City of Amsterdam, Montgomery County, they spotted a pile of tire rims stacked up against the outside wall of a gas station. Defendant backed the truck up to the station, and both he and Johnson began loading the tire rims into the back of the truck. They had just finished loading the rims onto the truck when Amsterdam police officers arrived on the scene. Defendant ran from the scene and Johnson was arrested. Johnson apparently informed the officers that he had been with defendant; further, a check of the truck's license plate revealed that the truck was registered to defendant. One of the officers called several police agencies, gave them defendant's name and a description of his clothing, and informed them that defendant might be headed toward Saratoga County, where he lived.

Early in the morning of March 23, 1984, Saratoga County Deputy Sheriff Michael Woodcock was informed by his supervisor that a man by the name of Albert Geppner, wearing a red hunting jacket and hunting cap, was wanted for questioning in connection with the incident in Amsterdam and was thought to be in Saratoga County. Shortly thereafter, Woodcock spotted a man fitting the description given to him walking along State Route 67 in Saratoga County. He stopped his car and asked the man his name. The man, defendant, identified himself as "Albert Geppner". Woodcock informed him that the Amsterdam police were looking for him and, according to Woodcock, defendant voluntarily agreed to accompany him back to Amsterdam. With defendant in the car, Woodcock drove to Amsterdam. At that point, Woodcock met two Amsterdam police officers. One of the officers read defendant his *Miranda* rights and defendant was arrested.

At the police station, one of the officers asked defendant whether he would be willing to tell them what happened. According to this officer, defendant agreed and proceeded to give a statement which the officer typed. After he finished the statement, the officer asked defendant to read it; however, defendant was unable to do so, and informed the officer that

he could not read or write. The officer then read the statement twice to defendant, defendant indicated that it was correct and defendant signed the statement. Defendant was indicted by the Montgomery County Grand Jury for grand larceny in the third degree, criminal possession of stolen property in the second degree and trespass. After trial, defendant was convicted of the crimes charged and this appeal ensued.

Defendant contends that the People failed to present sufficient evidence as to the value of the tire rims to support his conviction for grand larceny in the third degree and criminal possession of stolen property in the second degree. Defendant's only contention in this regard is that his expert was more qualified than the People's experts. This is purely a credibility issue which the jury could properly resolve against him (see, People v Gilbert, 103 AD2d 967, 968; see also, People v Stone, 122 AD2d 387). Further, we conclude that the People presented sufficient evidence with respect to the "taking" elements of grand larceny in the third degree. Defendant and Johnson had removed the tire rims from their location on the ground to the back of defendant's truck. Further, it is clear from Johnson's trial testimony that they intended to sell the rims. Accordingly, defendant's act of loading the tire rims onto his truck satisfied the taking requirement even though he never had the opportunity to remove the rims from the gas station property (see, People v Robinson, 60 NY2d 982, 983-984).

Defendant next argues that County Court erroneously failed to instruct the jury that defendant's failure to testify was not a factor from which unfavorable inferences may be drawn (see, CPL 300.10 [2]). A review of the record, including defendant's written requests to charge, reveals that defendant never made a request for such a charge. Accordingly, the court committed no error (see, CPL 300.10 [2]).

The record reveals that probable cause existed for defendant's arrest and that he made his statement after a knowing, intelligent and voluntary waiver of his Miranda rights. Since there was no evidence that defendant's taking of the property was done under a claim of right made in good faith, County Court properly declined to instruct the jury concerning a claim of right in good faith (see, People v Watts, 57 NY2d 299, 301). This case differs from People v Ricchiuti (93 AD2d 842), wherein evidence was presented showing defendant's authority to take the property.

We have reviewed defendant's remaining contentions and find them lacking in merit. The judgment should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.