■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REDDICK, Also Known as JOHNNY REDDICK, Appellant.— Judgment, Supreme Court, New York County (William Davis, J., at suppression hearing; Herbert Altman, J., at trial and sentence), rendered March 18, 1988, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [3]) and sentencing him, as a violent predicate felony offender, to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

Defendant accosted Daisy Carbajal in an elevator and, holding a 9-inch-long knife to her throat, tore at chains around her neck, and then fled as she screamed. Carbajal, who had been wearing two chains when she entered the elevator, was left with only one torn chain. On appeal, defendant argues that since there is no direct evidence that he actually held the missing chain in his hand, the People's proof of asportation is insufficient to establish his guilt of robbery beyond a reasonable doubt. This claim is without merit.

Asportation, an essential element of larceny *(Harrison v People,* 50 NY 518), is proved by evidence of any "appreciable

changing of the location of the property involved". *(People v Ashworth,* 220 App Div 498, 501.) There is no requirement that the moving of the property be directly observed. *(See, People v Shurn,* 69 AD2d 64, 67.) Thus, in the case before us, the complainant's inability to recall actually seeing the chain in defendant's hand does not render the proof of his larceny deficient.

We have examined the balance of defendant's claims on appeal, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.