■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWENA J. VAIL, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 9, 1988, upon a verdict convicting defendant of the crimes of arson in the third degree and insurance fraud in the second degree.

Defendant was convicted of third degree arson and second

degree insurance fraud in connection with the conflagration of her home in Broome County on September 27, 1987. On appeal, defendant contends, *inter alia,* that County Court erred in not sanctioning the prosecution for failing to preserve discoverable material consisting of a daily diary kept by a key prosecution witness. We disagree. Prior to receiving evidence pertaining to the diary, County Court conducted a *Rosario* hearing *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) at which Thomas Tynan, Chief Investigator from the District Attorney's office, testified. Tynan stated that his office first learned of the diary in March 1988 and first viewed it at the witness's home on April 8, 1988. At the time, the witness allowed Tynan to photocopy specific pages of the diary at a nearby printing shop. Tynan testified, however, that the witness was very reluctant to have him review the diary as she considered it "very personal". The witness would also not permit Tynan to take custody of the diary or bring it to his office to photocopy. Tynan further testified that certain portions of the diary were crossed out by the witness because, as she explained to him, they were either too embarrassing or not relevant to his investigation. The witness made further deletions in the diary before defendant's trial. Defendant subsequently moved to have the witness's testimony precluded and the prosecution sanctioned for failing to preserve the diary, thereby allegedly depriving defendant of the right to fully cross-examine the evidence. County Court found that the diary was not *Rosario* material and denied the motion.

It is our view that County Court properly denied the motion. A major factor to be considered in determining the prosecution's obligation pursuant to *Rosario* to produce the diary, without any deletions, for defense counsel's cross-examination is whether it was in the possession or control of the prosecution *(see, People v Tissois,* 72 NY2d 75, 78; *People v Reedy,* 70 NY2d 826, 827). Such possession of the diary by the prosecution never occurred in this case and, consequently, there was no burden to preserve or produce it intact for defendant *(see, People v Reedy, supra).* We would further note that copies of those portions of the diary that were photocopied by the prosecution were provided to defendant at the start of trial, and defense counsel had ample opportunity to cross-examine the witness regarding the diary and any deletions therein.

Finally, we reject defendant's remaining arguments regarding the allegedly erroneous jury charge, an issue which defendant failed to preserve by timely objection *(see,* CPL 470.05 [2];

470.15 [4] [a]), and the allegedly excessive sentence (see, People v Harris, 117 AD2d 881, 882). Accordingly, the judgment is affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.