(December 20, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PERALTA, JR., Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 11, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree.

On appeal, defendant, represented by counsel, maintains that he was denied his right to the effective assistance of counsel by reason of the joint indictment of David Peralta, defendant's brother, and their joint representation by the same trial counsel. Defendant also submitted a pro se brief wherein he argues that the People failed to comply with County Court's order regarding Rosario material, that County Court failed to charge that accomplice testimony must be independently corroborated, and that the sentence was harsh and excessive.

Initially, we reject defendant's contention that he was denied his right to the effective assistance of counsel. The Court of Appeals in People v Marcerola (47 NY2d 257, 263) stated: "While a defendant may choose to retain his attorney,[ ] such choice may be made only after the defendant is informed of the possible ramifications which joint representation might spawn when conflicting interests arguably exist. Only after sufficient admonition by the trial court of the potential pitfalls of joint representation can it be said that a defendant's right to the effective assistance of counsel is adequately safeguarded. If such admonition does appear on the record, appellate courts are able to determine whether a defendant's decision to retain his attorney is indeed an informed choice" (footnote omitted). Here, the record clearly reveals that County Court closely examined defendant to ascertain if he was aware of the potential risks involved in joint representation and that defendant knowingly, voluntarily and intelligently chose to proceed with simultaneous representation of

himself and his brother. Under such circumstances, there was no denial of defendant's right to the effective assistance of counsel.

Turning to the arguments raised in defendant's *pro se* brief, we reject defendant's contention that the People failed to comply with County Court's order to turn over all *Rosario* material for inspection by defendant, particularly a written report entitled DEA 6. The cross-examination by defense counsel of Special Agent Ulises Delgado clearly shows that defendant's exhibit C for identification, the DEA 6 report, was in the possession of defendant's counsel. Next, defendant's argument that County Court failed to charge that the accomplice testimony of Hector Gutierrez must be independently corroborated is not only belied by the record, it also appears that defendant did not object to County Court's charge concerning accomplice testimony, thereby failing to preserve this issue for appellate review *(see, People v Vail,* 167 AD2d 567).

Finally, we are of the view that the sentence must be modified to concurrent indeterminate terms of incarceration of 15 years to life. Defendant was sentenced to concurrent indeterminate terms of incarceration of 25 years to life although his brother, who was jointly tried and convicted of the same crimes, was sentenced to the concurrent 15-years-to-life prison terms. In the absence of any cognizable reason to justify the different sentences, we are of the view that defendant's sentence must be modified *(see, People v Williams,* 145 AD2d 740).

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon defendant to concurrent indeterminate terms of imprisonment of 15 years to life, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.