[650 NYS2d 380]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PERALTA, JR., and DAVID PERALTA, Appellants.

Third Department, November 27, 1996

## APPEARANCES OF COUNSEL

*Michael D. Jurena,* Albany, for appellants.

*Sol Greenberg, District Attorney* of Albany County *(Christopher D. Horn* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

By indictment dated February 9, 1988, defendants, Hector Gutierrez and Michael Lucas were each charged with criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree as the result of a November 18, 1987 sale of cocaine to agents of the Federal Drug Enforcement Agency (hereinafter DEA). Gutierrez and Lucas disposed of the charges against them by means of negotiated pleas and sentences and each testified for the People at defendants' August 1988 trial. On cross-examination, Lucas was questioned concerning the circumstances surrounding his guilty plea and he specifically denied that he had been promised anything for his plea, that any limit had been placed on his sentence if he testified against defendants or that there had been even an understanding or conference on the subject. No similar questions were asked of Gutierrez. Defendants were convicted of both charges and, except for a modification to the sentence of defendant Carlos Peralta, Jr. (168 AD2d 786, *lv denied* 77 NY2d 910), their convictions were affirmed on direct appeal (*supra*; 170 AD2d 715, *lv denied* 77 NY2d 999).

In 1994, defendants obtained transcripts of the Lucas and Gutierrez plea proceedings. In sharp contrast to Lucas' trial testimony, the minutes of Lucas' plea proceeding established that his over-all plea bargain included a maximum sentence of 3 years to life and the promise that, if called as a witness by the People, he would truthfully testify "in any proceeding that involves this matter". At his plea proceeding, Gutierrez not only agreed to truthfully testify in any proceeding arising out of the subject indictment, but also acknowledged that his failure to so cooperate would result in the bargained-for sentence

being increased from a prison term of 5 years to life to one of $8^1/3$ years to life.

Based upon the foregoing, in May 1994 defendants moved pursuant to CPL 440.10 for an order vacating their respective judgments of conviction upon the grounds (1) that they were denied a fair trial by virtue of the People's improper withholding of the transcripts of the Lucas and Gutierrez plea proceedings and failure to correct Lucas' false trial testimony, and (2) that they were deprived of effective assistance of counsel by virtue of their trial counsel's failure to discover the terms of the codefendants' negotiated pleas. County Court summarily denied the motion on the basis of defendants' failure to raise the issue of Lucas' "misstatement" on direct appeal, defendants' failure to preserve their *Rosario* claim by requesting the codefendants' plea minutes or a sanction for the People's failure to produce them, and this Court's prior rejection of defendants' claims of ineffective assistance of counsel. Defendants now appeal.

Contrary to County Court's conclusion, it is our view that defendants' *pro se* motion, supported by competent evidence of prosecutorial misconduct not appearing on the trial record (*see,* CPL 440.10 [1] [f], [h]), raises serious legal issues. First, although we agree with the People that the untranscribed minutes of the codefendants' plea proceedings did not constitute *Rosario* material (*see, People v Fishman,* 72 NY2d 884), there is no question that prosecution promises of leniency given to a witness in exchange for favorable testimony against an accused must be disclosed to the defense as *Brady* material (*see, People v Steadman,* 82 NY2d 1; *People v Novoa,* 70 NY2d 490, 496; *People v Cwikla,* 46 NY2d 434, 441; *People v Savvides,* 1 NY2d 554, 556-557). In addition, occupying the dual role of advocate and public officer and charged with a duty to see that justice is done, a prosecutor has an even more fundamental obligation to correct mistakes or falsehoods by government witnesses (*see, supra*).

There being no dispute that defendants made a demand for *Brady* material, the People were obligated to promptly disclose the details of the Gutierrez and Lucas plea bargains. Then, confronted with Lucas' patently false trial testimony, the People had an obligation to correct it. In its resolution of the motion, County Court avoided the effect of the People's misconduct by incorrectly determining that defendants had the burden of making a specific request for evidence of prosecution inducements to witnesses' testimony and were required

to challenge the concealed prosecutorial misconduct on direct appeal. Rather than remit the matter to County Court for further consideration, we shall determine the motion.

Because it does not appear that defendants made anything more than a generalized request for *Brady* material, the "reasonable probability" test enunciated in *United States v Bagley* (473 US 667) is to be applied in determining whether the established prosecution misconduct requires us to vacate defendants' judgments of conviction (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.10, at 430; *compare*, *People v Vilardi*, 76 NY2d 67, 77 [more stringent "reasonable possibility" test to be applied in case of *specific* discovery request]). Under that test, the undisclosed evidence is deemed material "only if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different" (*United States v Bagley, supra*, at 682; *see*, *People v Vilardi, supra*, at 74). In addition, the Court of Appeals has recently concluded that violations of the *Savvides* rule shall also be considered under harmless error analysis (*see*, *People v Steadman, supra*, at 8-9).

Based upon our review of the record and application of the governing test, we conclude that there is no basis for vacating defendants' judgments of conviction. The subject drug transaction, which took place in a restaurant parking lot, involved the direct sale of two kilos of cocaine to a DEA special agent and a DEA undercover informant, who paid $33,000 for the drug. The transaction was observed by a number of DEA agents and also monitored via an audio transmitter on the person of DEA Special Agent Ulises Delgato. Defendants were arrested on the scene, and the DEA agents took possession of the cocaine and the buy money. A number of DEA agents testified at trial, including Delgato and two others who had monitored the transaction and who identified defendants as participants. Under the circumstances, we agree with the People that the testimony of Gutierrez and Lucas was mere surplusage and accordingly conclude that the jury's verdict would not have been affected by evidence that they had received a favorable sentence in return for their promise, as part of a plea bargain, to testify truthfully.

As a final matter, although the current claim of ineffective assistance of counsel is based upon information that is outside the trial record and thus was not barred by our determination on the direct appeal (*see*, *People v English*, 215 AD2d 871, *lv denied* 87 NY2d 900), we nonetheless conclude that under the

circumstances of this case, defense counsel's failure to discover the prosecution promises made to induce the codefendants' testimony did not, in and of itself, constitute ineffective assistance of counsel (*see, People v Hobot*, 84 NY2d 1021; *People v Flores*, 84 NY2d 184, 187-188; *People v Baldi*, 54 NY2d 137, 147).

CARDONA, P. J., MIKOLL, CREW III and PETERS, JJ., concur.

Ordered that the order is affirmed.