■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED A. YUSUFI, Appellant. [669 NYS2d 66] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 16, 1995, upon a verdict convicting defendant of the crimes of robbery in the first degree, criminal mischief in the fourth degree and petit larceny.

In September 1994 defendant was indicted for the crimes of robbery in the first degree, criminal mischief in the fourth degree and petit larceny. The indictment arises from an incident which occurred on August 20, 1994 in the City of Albany and alleges that defendant, during the course of disassembling and stealing audio equipment from a vehicle, was confronted by the vehicle's owner (hereinafter the victim) and during a subsequent altercation with the victim used a dangerous instrument consisting of a screwdriver. Following a jury trial, defendant was found guilty and was sentenced to an indeterminate term of incarceration of $8\frac{1}{3}$ to 25 years on the

charge of robbery in the first degree and definite terms of incarceration of one year for both the charges of criminal mischief in the fourth degree and petit larceny; the sentences were concurrent. Defendant appeals.

We affirm. Initially we reject defendant's contention that his conviction of robbery in the first degree was not supported by legally sufficient evidence. The standard for determining the legal sufficiency of evidence to support a finding of guilt is " 'whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt' " (*People v Rossey*, 89 NY2d 970, 971, quoting *People v Cabey*, 85 NY2d 417, 420). A defendant is guilty of the crime of robbery in the first degree when he or she "forcibly steals property" (Penal Law § 160.15). A person steals property when, "with intent to deprive another of property or to appropriate the same to himself [or herself] * * * he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). This element is satisfied by proof beyond a reasonable doubt that the defendant exercised possession and control over the property, for even a temporary period of time, in a manner inconsistent with the owner's rights (*see, People v Jennings*, 69 NY2d 103, 118). Notably, the property need not be removed from the owner's premises for the defendant to gain the requisite dominion and control (*see, e.g., People v Geppner*, 122 AD2d 394, 396); a slight movement of the property constitutes sufficient asportation (*see, People v Olivo*, 52 NY2d 309, 316, n 2).

Here, the proof demonstrated that the victim's vehicle was equipped with two 15-inch speakers, an equalizer installed on the dashboard beneath the radio and an amplifier stored underneath the front passenger seat. When the victim returned to the parking lot where his vehicle was located he observed defendant lying down inside the vehicle with his feet protruding from the open passenger door. After the ensuing altercation, during which defendant struck the victim's arm with a screwdriver, the victim made several observations. One of the vehicle's windows had been shattered; the dashboard and the attached equalizer had been ripped out, leaving dangling wires exposed; and the amplifier had been removed from under the front passenger seat. Both items had been moved to a location on the floor of the vehicle and showed signs of having been removed by use of the screwdriver. The police officers who responded to the scene also observed the audio equipment on the floor of the victim's vehicle.

In our view, the People provided a legally sufficient basis from which the jury could conclude that defendant exercised sufficient dominion and control over the audio equipment to have stolen such property and that he committed robbery in the first degree (*see*, Penal Law § 160.15 [3]). Contrary to defendant's contention, the fact that he was apprehended before he had the opportunity to remove the property from the vehicle does not mandate a contrary result (*see*, *People v Welsh*, 124 AD2d 301, 304).

Next, we reject defendant's contention that the People's failure to disclose the victim's rap sheet in response to defendant's general request for all *Brady* material warrants a reversal. The nondisclosure of *Brady* material in response to a defendant's generalized request will only result in reversal if there was a reasonable probability that, had the material been disclosed, the result of the trial would have been different (*see*, *People v Scott*, 88 NY2d 888; *People v Peralta*, 225 AD2d 50, *lv denied* 89 NY2d 945). Significantly, the victim's criminal history consisted solely of a 3½-year-old charge which to date had not been prosecuted; the record is devoid of any evidence of a judgment of conviction or any active pending prosecution. Moreover, two of the victim's co-workers testified that they observed defendant struggle with the victim in an attempt to escape. Further, the two police officers who responded to the scene observed that the audio equipment had been dislodged from the dashboard and placed on the vehicle's floor and also observed the scratch which defendant inflicted on the victim's forearm with the screwdriver. Therefore, we conclude that the victim's testimony was largely cumulative and that the jury's verdict would not have been affected by evidence impeaching the victim's credibility (*see*, *People v Peralta*, *supra*, at 53).

Next, in our own view, County Court did not abuse its discretion in limiting the scope of cross-examination of the victim to prohibit inquiry into the underlying crime allegedly revealed by the rap sheet. The nature and scope of cross-examination is a matter committed to the trial court's sound discretion and a determination curtailing cross-examination will not be disturbed unless it constituted an abuse of discretion (*see*, *People v Matthews*, 220 AD2d 822, 824, *lv denied* 87 NY2d 904). Here, inasmuch as defense counsel conceded that he had no knowledge that the victim had ever been convicted of a crime and that he lacked a good-faith basis to inquire into such a matter, we conclude that County Court did not improvidently exercise its discretion in refusing to allow defense counsel to ask the victim whether he had ever been convicted of a crime of moral

turpitude (*see, People v Duffy*, 36 NY2d 258, *amended* 36 NY2d 857, *cert denied* 423 US 861; *People v Wrigglesworth*, 204 AD2d 758).

Finally, given the nature of the crime and defendant's extensive criminal background, we find the sentence imposed to be neither harsh nor excessive (*see, People v Belo*, 240 AD2d 964).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.