THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CAMACHO, Appellant. [732 NYS2d 809] —Judgment unanimously affirmed. Memorandum: Defendants were convicted following a joint trial of robbery in the second degree (Penal Law § 160.10 [1]). The charges arose after defendants and others attacked and beat the victim, and restrained his girlfriend. The victim testified that, in response to the demand of his assailants for money and drugs, he threw two Ecstasy pills onto the ground, after which defendants released the victim and his girlfriend and left the scene. The pills were no longer on the ground following defendants' departure. We reject defendants' contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see generally, People v Bleakley,* 69 NY2d 490,

495). Contrary to defendants' contentions, the jury could reasonably have concluded from the victim's testimony that defendants took possession of the drugs, despite the fact that no drugs were recovered from defendants following their arrest (*see, People v Reddick,* 159 AD2d 267, *lv denied* 76 NY2d 794).

We reject defendants' further contention that Supreme Court erred in its supplemental charge on asportation. The court properly instructed the jury that asportation is satisfied by a movement of property, however slight, so the rightful owner is not in control of the property and the thief controls its movements (*see, Harrison v People,* 50 NY 518). The requirement of asportation is fulfilled if the thief exercises dominion and control over the property in a manner wholly inconsistent with the owner's interest (*see, People v Patterson,* 78 NY2d 711, 721; *People v Yusufi,* 247 AD2d 648, *lv denied* 92 NY2d 863). In addition, the court properly instructed the jury that the movement of the property by the owner from his physical possession as a result of threats by defendants may constitute the degree of movement required by law. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.