■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL J. WOELFLE, Respondent. [883 NYS2d 408]—

Appeal from an order of the Erie County Court (Thomas P. Franczyk, J.), entered August 11, 2008. The order granted that part of defendant's omnibus motion seeking to reduce count one of the indictment, charging defendant with robbery in the first degree, to the lesser included offense of attempted robbery in the first degree.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, that part of the motion seeking to reduce count one of the indictment is denied, count one of the indictment is reinstated, and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: We agree with the People that County Court erred in granting that part of defendant's omnibus motion seeking to reduce the count charging robbery in the first degree (Penal Law § 160.15 [3]) to the lesser included offense of attempted robbery in the first degree (§§ 110.00, 160.15 [3]). A defendant is guilty of the crime of robbery in the first degree when, inter alia, he or she forcibly steals property (*see* § 160.15). "[T]he property need not be removed from the owner's premises for the defendant to gain the requisite dominion and control . . . ; a slight movement of the property constitutes sufficient asportation" (*People v Yusufi*, 247 AD2d 648, 649 [1998], *lv denied* 92 NY2d 863 [1998]). Asportation "is proved by evidence of any 'appreciable changing of the location of the property involved' . . . [and t]here is no requirement that the moving of the property be directly observed" (*People v Reddick*, 159 AD2d 267, 267-268 [1990], *lv denied* 76 NY2d 794 [1990]).

Here, the evidence before the grand jury established that defendant entered a store, waved a knife, and demanded that the cashier open the register drawer. Although the cashier did not personally observe defendant taking cash or lottery tickets from the cash register, a witness who chased defendant upon leaving the store and engaged in a struggle with him testified that defendant dropped a bag containing cash and lottery tickets during the struggle. The Court of Appeals has held that, "[i]n the context of [g]rand [j]ury procedure, . . . legally sufficient evi-

dence means proof of a prima facie case, not proof beyond a reasonable doubt," and we conclude that the evidence presented to the grand jury is legally sufficient evidence to support a prima facie case of robbery in the first degree, regardless of whether there was conclusive evidence that the cash and lottery tickets found in the bag were taken from the store (*People v Gordon*, 88 NY2d 92, 95-96 [1996]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.