The People of the State of New York, Respondent,
against
Jerryed Burgess, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Alexander B. Jeong, J.), rendered August 2, 2012. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with, among other things, petit larceny. Defendant subsequently pleaded guilty to petit larceny, and the remaining charges were dismissed.
The factual part of the accusatory instrument, with respect to petit larceny, alleged that, between 3:10 a.m. and 3:15 a.m. on July 27, 2012, at 459 Ashford Street in Kings County, the deponent, a New York City police officer, observed defendant and three accomplices, "each rolling one car tire and that the defendant and said others exited from the back yard of the above mentioned location, a dwelling, which was fenced in." A named informant told the officer that he was "the custodian of the above-+described fenced property and the defendant and said apprehended others did not have permission or authority to enter or remain therein." The informant further told the officer that he was "the custodian of the above mentioned car tires which exceed one thousand dollars United States currency in value and that the defendant and said apprehended others had neither permission nor authority to take, use, possess or otherwise exercise dominion or control over said car tires."
On appeal, defendant argues that the accusatory instrument was facially defective, as it contained no factual allegations suggesting that defendant had the intent to either permanently take, obtain or withhold the tire, since the instrument merely alleged that defendant rolled the tire in the backyard, and did not allege that he had possession of the tire outside the premises. Moreover, the accusatory instrument contained only conclusory allegations regarding who owned the tires. There were no factual allegations as to the basis of the custodian's ownership of that property. 
At the outset, as defendant's challenge to the accusatory instrument's facial sufficiency is jurisdictional, his claim was not forfeited upon his plea of guilty, and it may be raised for the first time on appeal (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Alejandro, 70 NY2d 133 [1987]; People v Desantis, 44 Misc 3d 133[A], 2014 NY Slip Op 51153[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). [*2]As defendant waived prosecution by information, "the sufficiency of the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint. Under that standard, the complaint must allege facts of an evidentiary character supporting or tending to support the charges' (CPL 100.15 [3]), and the factual allegations must provide reasonable cause to believe that the defendant committed the offense charged' (CPL 100.40 [4] [b])" (People v Afilal, 26 NY3d 1050, 1051-1052 [2015]; see People v Dumay, 23 NY3d 518 [2014]). Reasonable cause exists "when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]).
"A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains, or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). "[T]he intent prescribed by subdivision 1 of section 155.05 of the Penal Law" must be proven to sustain a conviction of petit larceny, as well as "some movement when property other than an automobile is involved . . . . The movement, or asportation requirement has traditionally been satisfied by a slight moving of the property," which "accords with the purpose of the asportation element which is to show that the thief had indeed gained possession and control of the property" (People v Olivo, 52 NY2d 309, 318, n 6 [1981]).
In the case at bar, the accusatory instrument alleged facts of an evidentiary nature establishing that defendant was guilty of petit larceny, the charge that defendant ultimately pleaded guilty to. Contrary to defendant's contention that the accusatory instrument did not adequately allege that he had dominion and control of, and intended to steal the tire, the accusatory instrument alleged that, "while each rolling one car tire," defendant "and [his accomplices] exited from the back yard of the above mentioned location, a dwelling, which was fenced in." Consequently, the accusatory instrument sufficiently alleged that defendant possessed a tire outside the premises (see People v Burns, 48 Misc 3d 129[A], 2015 NY Slip Op 51001[U] [App Term, 1st Dept 2015]). "Larcenous intent . . . must usually be inferred from the circumstances surrounding the defendant's actions" (People v Russell, 41 AD3d 1094, 1096 [2007]; see People v Allen, 132 AD3d 1156, 1157 [2015]; People v Gibson, 118 AD3d 1157, 1158 [2014]). "The intent element of larceny" is "satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Camacho, 288 AD2d 947, 948 [2001]). "Thus, at the pleading stage . . . defendant's intent to deprive the complainant" of his tire can be inferred from the removal of the tire when he exited the premises (People v Gibson, 118 AD3d at 1158).
Defendant's claim that the allegation that an identified person was the custodian, rather than the owner, of the premises and the tires, was insufficient and conclusory, is without merit. The term "owner" in the petit larceny statute is defined broadly, "to include not only the true owner of a chattel, but any person who has a right to possession thereof superior to that of the taker' " (People v Wilson, 93 NY2d 222, 225 [1999], quoting Penal Law § 155.00 [5]). Thus, the allegation in the accusatory instrument that an identified person was the custodian of the fenced-in property and the tires was sufficient (see People v Parlagreco, 46 Misc 3d 149[A], 2015 NY Slip Op 50247[U] [App Term, 1st Dept 2015]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: April 13, 2016