People v Cotto (2023 NY Slip Op 03949)

People v Cotto

2023 NY Slip Op 03949

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

111855
[*1]The People of the State of New York, Respondent,
v
Wilfredo Cotto Jr., Appellant.

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Madison County (Dennis K. McDermott, J.), rendered March 12, 2019, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.
In 2018, following allegations that defendant stole merchandise from a Lowe's store, he was charged by indictment with grand larceny in the fourth degree. After a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals.
Defendant contends that his conviction for grand larceny in the fourth degree is not supported by legally sufficient evidence and is against the weight of the evidence, arguing that the People did not establish his intent to steal merchandise valued in excess of $1000. "When considering a challenge to the legal sufficiency of the evidence, this Court views the evidence in the light most favorable to the People and evaluates whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Davis, 200 AD3d 1200, 1201 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). "In assessing whether a verdict is supported by the weight of the evidence, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable, and, if it would have been reasonable for the jury to reach a different conclusion, then we must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine whether the jury has failed to give the evidence the weight it should be accorded" (People v Cade, 203 AD3d 1221, 1221-1222 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]).
As relevant here, a person is guilty of grand larceny in the fourth degree "when he [or she] steals property" and "[t]he value of the property exceeds [$1,000]" (Penal Law § 155.30 [1]). "A person steals property when, 'with intent to deprive another of property or to appropriate the same to himself or herself . . .[,] he or she wrongfully takes, obtains or withholds such property from an owner thereof' " (People v Yusufi, 247 AD2d 648, 649 [3d Dept 1998] [brackets omitted], lv denied 92 NY2d 863 [1998], quoting Penal Law §155.05 [1]). The intent element of larceny is satisfied by evidence showing that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]). The property need not be removed from a store's premises for defendant to gain the requisite dominion and control; rather, "a slight movement of the property constitutes sufficient [*2]asportation" (People v Yusufi, 247 AD2d at 649; see People v Olivo, 52 NY2d 309, 318 n 6 [1981]; People v Woelfle, 64 AD3d 1166, 1167 [4th Dept 2009], lv denied 14 NY3d 846 [2010]).
As relevant here, store surveillance footage from the day in question shows defendant entering the store pushing a cart and loading the cart with seven DeWalt power tools. The footage further depicts defendant ultimately leaving the store without stopping and paying for the items at the cash registers, prying open a door clearly marked "NO EXIT," and pushing the cart out of the store despite a female clerk attempting to stop him. Another Lowe's employee testified that he followed defendant out into the parking lot wherein defendant began to unload the merchandise into a car. After defendant removed one or two items from the cart, the employee stated that he grabbed the cart with the remaining merchandise and brought it back into the store. At the same time, defendant absconded in the vehicle. Lowe's loss prevention safety manager testified to the process he utilized in determining the quantity, item number, description and price of each piece of merchandise and that the total value of the items was in excess of $1,000.
Viewing the foregoing evidence in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could infer defendant's intent to steal all items in the cart as he exercised sufficient dominion and control over the merchandise by leaving the store without paying for the items, thus his conviction for grand larceny in the fourth degree is supported by legally sufficient evidence (see People v Olivo, 52 NY2d at 318-321; People v Athanasatos, 40 AD3d 1263, 1264-1265 [3d Dept 2007], lv denied 9 NY3d 872 [2007]; People v Yusufi, 247 AD2d at 650; People v Geppner, 122 AD2d 394, 396 [3d Dept 1986]). As to the weight of the evidence, when considering the surveillance video, the still photographs and the testimony, a different verdict would have been unreasonable and, as such, defendant's claim that the verdict is against the weight of the evidence is rejected outright (see People v Lafountain, 200 AD3d 1211, 1214 [3d Dept 2021], lv denied 38 NY3d 951 [2022]; People v Cooper, 199 AD3d 1061, 1063-1064 [3d Dept 2021], lv denied 38 NY3d 926 [2022]; People v Cloonan, 166 AD3d 1063, 1065 [3d Dept 2018], lv denied 35 NY3d 941 [2020]).
Defendant next argues that County Court erroneously denied his request to submit a petit larceny charge as a lesser included offense for the jury's consideration. "A defendant is entitled to a lesser included offense charge when he or she establishes that it is impossible to commit the greater crime without necessarily committing the lesser and there is a reasonable view of the evidence which would support a finding that the defendant committed only the lesser offense" (People v Green, 141 AD3d 1036, 1041 [3d Dept 2016] [internal quotation marks, brackets and citations [*3]omitted], lv denied 28 NY3d 1072 [2016]; see People v Anatriello, 161 AD3d 1383, 1387 [3d Dept 2018], lv denied 31 NY3d 1144 [2018]). "In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to defendant" (People v Martin, 59 NY2d 704, 705 [1983] [citation omitted]). Grand larceny in the fourth degree requires proof that the stolen property has a value in excess of $1,000 (see Penal Law § 155.30 [1]), whereas petit larceny has no minimum value requirement for the stolen property (see Penal Law § 155.25). Therefore, the first prong is indisputably met. However,even when viewed in a light most favorable to defendant, there is no reasonable view of the evidence that would suggest defendant only stole the item that he managed to flee with, as opposed to all of the merchandise that was in his possession when he exited the store. That being the case, we find that there is no reasonable view of the evidence which supports a conclusion that defendant committed the lesser but not the greater offense (see People v Abbott, 107 AD3d 1152, 1155 [3d Dept 2013]; People v Lawrence, 277 AD2d 501, 502-503 [3d Dept 2000]; People v Phoenix, 197 AD2d 755, 756 [3d Dept 1993], lv denied 82 NY2d 901 [1993]).
Defendant further contends that County Court erred in its denial of his request for a jury charge on intoxication. "An intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Sirico, 17 NY3d 744, 745 [2011] [internal quotation marks and citations omitted]). "Although a relatively low threshold exists to demonstrate entitlement to an intoxication charge, evidence of intoxication, even under this standard, requires more than a bare assertion by a defendant that he or she was intoxicated" (People v Adrian, 209 AD3d 1116, 1117 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see People v Burks, 172 AD3d 1640, 1643 [3d Dept 2019], lv denied 33 NY3d 1102 [2019]). The basis for County Court's refusal to charge intoxication was that the evidence consisted of defendant's grand jury testimony, which would not be subject to cross-examination. As the People concede, and we agree, this is not a valid reason to deny the requested charge (see People v Orr, 43 AD2d 836, 836 [2d Dept 1974], affd 35 NY2d 829 [1974]). Still, the People assert that this Court should affirm on alternate grounds, namely that defendant's claim of intoxication was solely based on his self-serving assertions of same. However, this Court cannot render a decision "on grounds explicitly different from those of the trial court" (People v Nicholson, 26 NY3d 813, 826 [2016]; see CPL 470.15 [1]; People v Harris, 35 NY3d 1010, 1011-1012 [2020]). As such, we agree with defendant that County Court erred in refusing to give an intoxication [*4]charge.
That said, County Court's failure to charge the jury on intoxication is harmless error in view of the overwhelming evidence against defendant. At the grand jury proceeding, defendant testified that "[m]y intentions were to go in there and take some stuff, put it in the car and have two females I was with bring it to customer service and return this stuff. That didn't happen. . . . So, I went back in the store. I filled the cart with a bunch of DeWalt tools. I pushed the cart out of the doors of the store." Additionally, one of defendant's female companions, who was to be involved in the scheme to return the items to customer service, testified that defendant was "mad" when they refused to go through with it, he screamed at them, then he went into the store and came back about five minutes later with a cart full of items and Lowe's employees chasing after him. Moreover, the surveillance video clearly depicts defendant and his actions and there is no significant probability that defendant would have been acquitted but for the error (see People v Wolff, 103 AD3d 1264, 1267 [4th Dept 2013], lv denied 21 NY3d 948 [2013]; People v Martinez, 18 AD3d 343, 344 [1st Dept 2005], lv denied 5 NY3d 808 [2005]; People v Greene, 186 AD2d 147, 147 [2d Dept 1992], lv denied 81 NY2d 840 [1993]).
With regard to defendant's challenge to County Court's instruction on the charge of larceny, specifically the court's inclusion of an example as to when larceny is complete, defendant failed to object to the instruction during the charging conference or after the instruction was reread to the jury so as to preserve said claim for our review(see CPL 470.05 [2]; People v Barzee, 190 AD3d 1016, 1020 [3d Dept 2021], lv denied 36 NY3d 1094 [2021]; People v Horton, 181 AD3d 986, 995 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]; People v Stokes, 159 AD3d 1041, 1042-1043 [3d Dept 2018]).[FN1] Finally defendant's challenge to the sentence as harsh and excessive is moot, given that he has reached the maximum expiration date of his sentence and has been released from prison (see People v Steinard, 210 AD3d 1202, 1203 [3d Dept 2022]; People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]; People v Taylor, 194 AD3d 1264, 1266 [3d Dept 2021], lv denied 37 NY3d 975 [2021]).
Garry, P.J., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Contrary to defendant's assertion that he objected to County Court's inclusion of the example, defendant based his objection on the court's failure to read the entire larceny charge. After County Court reread the charge, once again including the example, defendant did not object.