People v Williams (2025 NY Slip Op 50522(U))

[*1]

People v Williams (Ticey)

2025 NY Slip Op 50522(U)

Decided on April 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570022/23

The People of the State of New York, Respondent,
against
Ticey Williams, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Audrey E. Stone, J.), rendered January 2, 2023, convicting him, upon a plea of guilty, of petit larceny and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey E. Stone, J.), rendered January 2, 2023, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25). An employee at a specified Rite Aid store observed defendant "taking several bath and body items from store shelves and placing said property into a bag the defendant was holding" and then "without paying for the [items], walk past the cashier's area and all points of sale ... towards the store exit." Contrary to defendant's present claim, these allegations were nonconclusory and facially sufficient to support the charged offense (see People v Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo, 52 NY2d 309, 318-319 [1981]). 
Inasmuch as defendant pleaded guilty to the facially sufficient petit larceny charge in satisfaction of the entire misdemeanor complaint, we need not reach his challenge to the other charged offense (see People v Willis, — NY3d —, 2025 NY Slip Op 01405, *4 [Mar. 13, 2025 No. 21, No. 22, Troutman, J.]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2025