People v Guerin

2026 NY Slip Op 02299

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jonathan Guerin, Appellant.

Decided and Entered:April 16, 2026

111809

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mcshan, JJ.

Craig S. Leeds, Albany, for appellant.

Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

[*1]

McShan, J.

Appeal from a judgment of the County Court of Clinton County (Keith Bruno, J.), rendered April 1, 2019, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and circumvention of an ignition interlock device, the traffic infraction of unsafe lane movement, and the violation of unlicensed operation of a motor vehicle.

Defendant, who had last been convicted of driving while intoxicated in 2015, was arrested following an April 2018 incident in which he caused property damage while driving in the Town of Mooers, Clinton County, and then failed field sobriety tests. He waived indictment and was charged in an eight-count superior court information with offenses relating to the incident. As trial was about to get underway, defendant pleaded guilty to driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, circumvention of an ignition interlock device, unsafe lane movement and unlicensed operation of a motor vehicle in full satisfaction of the charges against him. County Court made no commitment as to sentencing, and ultimately sentenced defendant to, as is relevant here, concurrent terms of incarceration that amounted to 1½ to 4½ years in prison. Defendant appeals.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved in the absence of an appropriate postallocution motion that he had ample time to make (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Kadar, 244 AD3d 1669, 1671 [3d Dept 2025]; People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]). Contrary to his suggestion, he made no statements that negated an element of the crimes to which he pleaded guilty, cast doubt upon his guilt or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Tyrell, 22 NY3d at 364; People v Lopez, 71 NY2d 662, 666 [1988]; People v Apelles, 185 AD3d 1298, 1299 [3d Dept 2020], lv denied 35 NY3d 1092 [2020]). We decline his further invitation to take corrective action in the interest of justice. Defendant was advised that his plea to five of the counts in the superior court information would resolve the pending charges against him, and the fact that he agreed to County Court's description of those offenses during the colloquy rather than giving his own "factual exposition for each element of" them had no impact upon what the record otherwise shows to be a knowing, intelligent and voluntary plea (People v Seeber, 4 NY3d 780, 781 [2005]; see People v Goldstein, 12 NY3d 295, 301 [2009]; People v Favreau, 174 AD3d 1226, 1227 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).

Defendant's further claim of ineffective assistance of counsel is similarly unpreserved in the absence of a postallocution motion (see People v Quarterman, 238 AD3d 1385, 1386 [3d Dept 2025]; People v Lewis, 234 AD3d at 1210[*2]). On his remaining argument that the sentence was harsh and excessive, because defendant "has reached the maximum expiration date of his sentence and" is presently incarcerated as a result of another conviction, that argument is moot (People v Cotto, 218 AD3d 1021, 1026 [3d Dept 2023], lv denied 40 NY3d 1039 [2023]).

Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.

ORDERED that the judgment is affirmed.