People v Delgado
2026 NY Slip Op 50804(U)
May 21, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Larceny--Grocery Store--Sufficiency of Evidence. Crimes—Right to be Present at Trial--Waiver

The People of the State of New York, Respondent,
v
Caridad Delgado, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts
Decided on May 21, 2026
2024-1096 W CR
Present: : Timothy S. Driscoll, J.P., Gretchen Walsh, Joseph R. Conway, JJ

Richard L. Herzfeld, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and Brian R. Pouliot of counsel), for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Lynette V. Spaulding, J.), rendered October 15, 2024. The judgment convicted defendant, upon a jury verdict, of petit larceny, and imposed sentence.
[*1]
ORDERED that the judgment of conviction is affirmed.
Defendant was charged with petit larceny (Penal Law § 155.25) for allegedly stealing various items from ShopRite on January 8, 2024. At a jury trial, the People presented testimony from a loss prevention officer employed by ShopRite and a police officer who investigated the incident. During their testimony, various exhibits were admitted into evidence, including surveillance footage and a voided receipt from ShopRite, and the police officer's body camera footage during his interaction with defendant. The surveillance footage showed defendant walking down aisles at ShopRite and selecting merchandise. Her cart contained ShopRite merchandise, as well as several large reusable bags from another store. When she was finished shopping, defendant rearranged the contents of her cart, placing some items from ShopRite into the bags from another store, and placing the bags from another store on top of loose items. Thereafter, she proceeded past the cashiers through ShopRite's exit without paying. The voided receipt from ShopRite had a value of $262, and the loss prevention officer testified that this receipt was generated by scanning the items in defendant's cart that belonged to ShopRite. The police officer's body camera footage depicted defendant attempting to explain the reason she exited the store without paying. She provided various explanations, including that she had lost her credit card and was attempting to look for it outside; that she had been robbed previously and [*2]was trying to charge her phone using the outlets outside the store so that she could report the stolen credit card to the police; and that she went outside to charge her phone so that she could call a cab. Defendant did not present any evidence. The jury found defendant guilty of petit larceny, and the court subsequently imposed sentence.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defendant did not move to dismiss the charge at any point during the trial (see CPL 470.05 [2]; People v Imes, 226 AD3d 1080, 1082 n 2 [2024]). In any event, defendant's conviction is supported by legally sufficient evidence. "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Flanagan, 28 NY3d 644, 656 [2017] [internal quotation marks omitted]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Danielson, 9 NY3d 342, 349 [2007]). Pursuant to Penal Law § 155.25, "[a] person is guilty of petit larceny when he steals property." "A person steals property . . . when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). "The intent element of larceny . . . is satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Cotto, 218 AD3d 1021, 1023 [2023]). "The property need not be removed from a store's premises for defendant to gain the requisite dominion and control; rather, a slight movement of the property constitutes sufficient asportation" (Cotto, 218 AD3d at 1023 [internal quotation marks omitted]; see People v Olivo, 52 NY2d 309, 318 n 6 [1981]).
Viewing the evidence in the light most favorable to the People, we find that there was legally sufficient evidence to support defendant's conviction, as the evidence established that defendant proceeded past all points of sale through the exit of the store without paying for the merchandise (see Olivo, 52 NY2d at 318-320; Cotto, 218 AD3d at 1023; People v Williams, 85 Misc 3d 138[A], 2025 NY Slip Op 50522[U], *1 [App Term, 1st Dept 2025]; People v Stewart, 73 Misc 3d 140[A], 2021 NY Slip Op 51191[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Johnson, 71 Misc 3d 133[A], 2021 NY Slip Op 50357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while "accord[ing] great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Howard, 217 AD3d 966, 967 [2023]; see People v Mateo, 2 NY3d 383, 410 [2004]), we find that the verdict was not against the weight of the evidence.
Contrary to defendant's contention, the City Court (Lynette V. Spaulding, J.) did not commit reversible error by proceeding in defendant's absence on July 23 and 24, 2024. While a defendant has a constitutional right to be present at a criminal trial, "a defendant may forfeit that right by deliberately absenting himself [or herself] from the proceedings" (People v Ramos, 179 AD3d 842, 843 [2020] [internal quotation marks omitted]; see People v Parker, 57 NY2d 136, 139 [1982]; People v Baynes, 162 AD3d 897, 897 [2018]; People v Williams, 147 AD3d 983, 983 [2017]), after being informed that the trial will proceed in his or her absence (see Parker, 57 [*3]NY2d at 141; Ramos, 179 AD3d at 843; People v Traylor, 74 AD3d 1251, 1252 [2010]). Here, the record reflects that the court warned defendant on July 22, 2024, after she appeared three hours late for jury selection, that the trial would proceed in her absence if she failed to arrive on time. On July 22, 2024, defendant advised the court that she was late, because she had to take public transportation and she had difficulty walking due to prior injuries.
On July 23, 2024, after waiting 45 minutes for defendant to appear, the court decided to proceed with jury selection in defendant's absence over defense counsel's objection. The court was not persuaded by counsel's statement that defendant had sent him a text message at 9:48 a.m., 18 minutes after she was supposed to appear in court, that she was "en route." In deciding to move forward with jury selection in defendant's absence, the court considered the time constraints of the trial, including that the People's witnesses would not be able to testify until the following day due to defendant's late arrival the previous day. Under the circumstances, the court conducted an appropriate "inquir[y] into the surrounding circumstances to determine if the defendant's absence [was] deliberate," and considered the appropriate factors, before proceeding in defendant's absence on July 23, 2024 (Ramos, 179 AD3d at 843 [internal quotation marks omitted]; see Parker, 57 NY2d at 142; Baynes, 162 AD3d at 897-898). Although no inquiry was made on July 24, 2024 before proceeding with the trial in defendant's absence (aside from the People informing the court that defendant was not incarcerated in certain counties), reversal is not warranted, as "subsequent events confirmed the deliberate nature of defendant's absence" on that date (People v Mejia, 268 AD2d 286, 286 [2000]; see People v Green, 216 AD2d 581 [1995]; People v Febo, 210 AD2d 251 [1994]). During a break in the proceedings on July 24th, the court inquired into defendant's absence, and she provided the same excuse that she did on July 22, 2024. Additionally, defendant's late appearance on July 25, 2024, the last day of the trial, and at sentencing, further substantiated that her absences were deliberate.
To the extent that defendant's ineffective assistance of counsel claims are reviewable on direct appeal, the record establishes that, in accordance with the federal standard, the attorney's performance did not fall "below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688 [1984]; see US Const Amend VI), and that defendant received meaningful representation in accordance with the state standard (see NY Const, art I, § 6; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., WALSH and CONWAY, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 21, 2026