■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS L. HORTON, Appellant. [913 NYS2d 463]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered April 13, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Defendant was identified at trial by the victim, who had observed defendant on two occasions prior to the assault. "[T]hose who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890 [2006]), and it cannot be said in this case that the jury failed to give the evidence the weight it should be accorded (*see People v Hill*, 74 AD3d 1782 [2010], *lv denied* 15 NY3d 805 [2010]). Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that County Court erred in denying his challenge for cause to a prospective juror on the ground that she raised her hand when asked by defense counsel whether anyone on the panel would have "a problem" if defendant elected to exercise his right to remain silent and not testify at trial (*see* CPL 470.05 [2]). Defendant challenged that prospective juror for cause on another ground, i.e., based on comments that she made about defendant's custodial status, and we decline to exercise our power to address defendant's contention concerning the prospective juror's "problem" in the event that defendant did not testify as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that the court erred in denying his challenge for cause to the prospective juror based upon the concerns that she expressed with regard to his custodial status. Even assuming, arguendo, that the prospective juror's concerns initially "cast serious doubt on [her] ability to render an impartial verdict" (*People v Arnold*, 96 NY2d 358, 363 [2001]), we conclude that the record establishes that the court thereafter obtained from the prospective juror the requisite "unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct (*see People v McMillan*, 234 AD2d 1006 [1996], *lv denied* 89 NY2d 1038 [1997]) and, in any event, that contention lacks merit. Although we agree with defendant that certain of the prosecutor's remarks may have exceeded the bounds of legitimate advocacy, we conclude that they were not so egregious as to deprive defendant of a fair trial (*see id.*; *People v Pennington*, 217 AD2d 919 [1995], *lv denied* 87 NY2d 906 [1995]).

We reject the contention of defendant in his main brief and pro se supplemental brief that he was denied effective assistance of counsel. Although defendant contends that defense counsel did not adequately impeach the victim on cross-examination with prior inconsistent statements, we note that he called as witnesses all of the individuals to whom the prior inconsistent statements were made, and those witnesses testified without objection to those statements. Thus, the jury was able to consider the victim's prior inconsistent statements in evaluating the credibility of the victim. The further contention of defendant that he was denied effective assistance of counsel based on the fact that his omnibus motion contained requests for relief that did not apply to this case also is lacking in merit. Defendant does not contend that the omnibus motion failed to include appropriate requests for relief, and it therefore cannot be said that defendant was denied effective assistance of counsel with respect to the omnibus motion. Moreover, defense counsel's failure to make a specific motion for a trial order of dismissal at the close of the People's case did not constitute ineffective assistance of counsel, inasmuch as any such motion would have had no chance of success (*see generally People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Indeed, we note that defendant does not contend on appeal that the evidence at trial is legally insufficient. We have reviewed the remaining alleged deficiencies in defense counsel's performance and conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We have reviewed the remaining contentions raised in defendant's main brief and pro se supplemental brief and conclude that they are without merit. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.