# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**726**

**KA 11-00081**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

R. MICHAEL HILDRETH, DEFENDANT-APPELLANT.

---

THE PARRINELLO LAW FIRM, LLP, ROCHESTER (BRUCE F. FREEMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered August 15, 2007. The judgment convicted defendant, upon a nonjury verdict, of official misconduct and eavesdropping.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of official misconduct (Penal Law § 195.00 [1]) and eavesdropping (§ 250.05). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). In support of his challenge to the legal sufficiency of the evidence supporting the eavesdropping conviction, defendant contends that there was a "complete absence of evidence that he 'intercepted' or 'accessed' an electronic communication." We reject that contention. "A person is guilty of eavesdropping when he [or she] unlawfully engages in . . . intercepting or accessing of an electronic communication" (§ 250.05), which is defined as the "intentional acquiring, receiving, collecting, overhearing, or recording of an electronic communication, without the consent of the sender or intended receiver thereof, by means of any instrument, device or equipment" (§ 250.00 [6]). The fact that none of the witnesses testified that information was recorded by the program installed by defendant on the victim's computer does not render the evidence supporting the eavesdropping conviction legally insufficient. Indeed, there was ample circumstantial evidence, including the documentary evidence from the company that created the program, establishing that it was installed on the victim's computer, that it was configured to record certain types of communications and send a

report regarding them to an e-mail address and that it attempted to send such a report. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678). Here, we conclude that the evidence at trial could lead a rational person to conclude that the program installed by defendant recorded information that it gained from the victim's electronic communication.

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We further conclude that defendant was not denied effective assistance of counsel based on defense counsel's failure to make an omnibus motion or to request a bill of particulars (*see People v Brink*, 30 AD3d 1014, 1015, *lv denied* 7 NY3d 810). In addition, "defense counsel's failure to make a specific motion for a trial order of dismissal at the close of the People's case did not constitute ineffective assistance of counsel, inasmuch as any such motion would have had no chance of success" (*People v Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered: July 1, 2011                            Patricia L. Morgan
                                                  Clerk of the Court