# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

71

KA 12-00929

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

DASHAWN G., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID R. PANEPINTO OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an adjudication of the Erie County Court (Michael L. D'Amico, J.), rendered May 10, 2012.  The adjudication convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from an adjudication based upon a jury verdict finding him guilty of robbery in the second degree (Penal Law § 160.10 [1]).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although "an acquittal would not have been unreasonable" in light of defendant's testimony (*Danielson*, 9 NY3d at 348), it cannot be said that the jury failed to give the evidence the weight it should be accorded in concluding that defendant participated in the robbery (*see People v Leggett*, 101 AD3d 1694, 1694, *lv denied* 20 NY3d 1101).  The jury " 'see[s] and hear[s] the witnesses [and thus] can assess their credibility and reliability in a manner that is far superior to that of [this Court, which] must rely on the printed record' " (*People v Horton*, 79 AD3d 1614, 1615, *lv denied* 16 NY3d 859, quoting *People v Lane*, 7 NY3d 888, 890), and we perceive no reason to disturb the jury's credibility determinations.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court