# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**432**

**KA 11-00418**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TRENTON A. COOK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered January 5, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that the evidence is legally insufficient to establish that he possessed cocaine. We reject that contention. The evidence at trial established that two police officers observed defendant walk to the rear of a house and remove a sandwich-sized plastic bag from under the siding. One officer observed defendant remove at least one smaller bag from the larger bag, and defendant then replaced the larger bag under the siding. The officers retrieved the bag, which contained 11 smaller bags of a white substance that tested positive for cocaine. We therefore conclude that there is a "valid line of reasoning and permissible inferences" from which County Court, in this nonjury trial, could find that defendant knowingly possessed cocaine (*People v Bleakley*, 69 NY2d 490, 495; *see People v Sierra*, 45 NY2d 56, 59-60).

Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Issues of credibility and the weight to be accorded to the evidence presented are primarily to be determined by the factfinder (*see People v McCoy*, 100 AD3d 1422, 1422), and we perceive no reason to disturb

the court's resolution of those issues.