# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1350**
**KA 12-00909**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TIMOTHY D. BROOMFIELD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 14, 2012. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [1]) and robbery in the first degree (§ 160.15 [1]). Defendant's conviction stems from a savage beating of the victim on the street by a group of men. A witness testified that defendant came to her house after the incident and used her telephone to call a number to change the PIN number on an Electronic Benefits Transfer (EBT) card that had the victim's name on it; defendant also had the victim's identification and social security cards. Nine days later, defendant used the victim's EBT card to pay for items at a store.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that he intended to use force to steal the victim's property (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit inasmuch as the evidence was sufficient to permit the inference that defendant had the requisite intent (*see People v Gordon*, 23 NY3d 643, 649-650; *People v Smith*, 79 NY2d 309, 315). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well settled that "[g]reat deference is to be accorded to the fact[ ] finder's resolution of credibility issues based upon its superior

vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956 [internal quotation marks omitted]; *see People v Curry*, 82 AD3d 1650, 1651, *lv denied* 17 NY3d 805).  Although an acquittal would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we perceive no reason to disturb the court's resolution of credibility issues and the weight that the court accorded to the evidence (*see People v Cook*, 128 AD3d 1355, 1355-1356, *lv denied* 25 NY3d 1200).  The eyewitness's testimony was at times confusing, but his testimony did not include "hopeless contradictions" (*People v Foster*, 64 NY2d 1144, 1147 [internal quotation marks omitted], *cert denied* 474 US 857).  The eyewitness consistently testified that he saw defendant at the scene of the incident and at the time of the incident (*see People v Reynolds*, 269 AD2d 735, 736, *lv denied* 95 NY2d 838, *cert denied* 531 US 945).  In addition, the victim testified that he recognized defendant's voice immediately before the attack on him, and the witness who saw defendant after the incident testified that, although defendant said that he found the victim's cards in an alley, he also said "something, like, he had his kick in."

We reject the further contention of defendant that he was denied effective assistance of counsel.  Inasmuch as the evidence is legally sufficient to support the robbery conviction, counsel's failure to move for a trial order of dismissal does not constitute ineffective assistance (*see People v Graham*, 125 AD3d 1496, 1497, *lv denied* 26 NY3d 1008; *People v Washington*, 60 AD3d 1454, 1455, *lv denied* 12 NY3d 922).  Contrary to defendant's contention, defense counsel's summation was coherent and adequate (*see People v Taylor*, 1 NY3d 174, 176; *People v Simmons*, 184 AD2d 1062, 1062, *lv denied* 82 NY2d 726).  Defendant's contention regarding defense counsel's alleged failure to investigate the reliability of "earwitness" testimony involves matters outside the record and must be raised by way of a motion pursuant to CPL 440.10 (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Washington*, 39 AD3d 1228, 1230, *lv denied* 9 NY3d 870).  We conclude that, "[v]iewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, . . . defendant received meaningful representation" (*People v Hildreth*, 86 AD3d 917, 918; *see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court