# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**246**
**KA 14-00479**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TERRENCE D. BEARD, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 24, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). We reject defendant's contention that the verdict is against the weight of the evidence. A person is guilty of robbery in the second degree when he forcibly steals property and he either "is aided by another person actually present, or . . . [i]n the course or commission of the crime . . . , he or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm" (*id.*). Here, the victim testified that defendant forcibly stole property from him and handed it to an accomplice who fled (*see generally People v Leggett*, 101 AD3d 1694, 1694, *lv denied* 20 NY3d 1101). The victim also testified that defendant offered to sell him a gun that was "cocked and loaded," that defendant's hand was in a pocket that appeared to contain a firearm, and that he believed that defendant in fact had a firearm (*see People v Williams* [appeal No. 2], 100 AD3d 1444, 1445, *lv denied* 20 NY3d 1015; *People v Williams*, 286 AD2d 918, 918, *lv denied* 97 NY2d 763). Viewing the evidence in light of the elements of the two counts of robbery in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's contention that the victim's testimony was motivated

by the victim's desire to be released from prison is based on matters outside the record and therefore must be raised by way of a motion pursuant to CPL 440.10 (*see generally People v Broomfield*, 134 AD3d 1443, 1445, *lv denied* 27 NY3d 1129).

Defendant's further contention that the evidence presented at trial materially changed the theory of the prosecution, as charged in the indictment and narrowed by the bill of particulars, is unpreserved for our review. In any event, we conclude that the contention is without merit. Although the bill of particulars stated that one man removed property from the victim while the other man displayed the gun, the evidence presented at trial established that defendant performed both of those actions. In our view, the discrepancy does not amount to a material change in the theory of the prosecution but constitutes merely an alteration in a " 'factual incident' " that is still consistent with the theory presented in the bill of particulars (*People v Harris*, 129 AD3d 1522, 1524, *lv denied* 27 NY3d 998; *see People v McCallar*, 53 AD3d 1063, 1065, *lv denied* 11 NY3d 833; *see also People v Grega*, 72 NY2d 489, 495).

We reject defendant's contention that he was denied effective assistance of counsel because his attorney failed to request a jury instruction on the lesser included offense of robbery in the third degree (Penal Law § 160.05). "A lesser [included] offense must be submitted to the jury if (1) it is actually a lesser included offense of the greater charge, and (2) the jury is 'warranted in finding that the defendant committed the lesser but not the greater crime' . . . , i.e., there is a 'reasonable view of the evidence' to support such a finding" (*People v Cabassa*, 79 NY2d 722, 728-729, *cert denied sub nom. Lind v New York*, 506 US 1011; *see* CPL 300.50). Here, there is no reasonable view of the evidence to support a finding that defendant was not aided by another individual, and thus, it would have been fruitless for counsel to request that the jury be charged with the lesser included offense of robbery in the third degree (*see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's contentions that the indictment is facially duplicitous and that he was denied a fair trial owing to the prosecutor's elicitation of a prejudicial nickname are unpreserved for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, the sentence is not unduly harsh or severe.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court