THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK C. MILLER, Appellant. [60 NYS3d 893]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 3, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court erred in granting the People's motion to amend the indictment, inasmuch as the amendment "did not change the theory of the prosecution, nor did it otherwise tend to prejudice the defendant on the merits" (*People v Spencer*, 83 AD3d 1576, 1577 [2011], *lv denied* 17 NY3d 822 [2011] [internal quotation marks omitted]). Rather, the amendment "served simply to conform the indictment to the evidence presented to the grand jury, and to accurately reflect the criminal acts for which the grand jury intended to indict the defendant" (*People v Jabbour*, 73 AD3d 950, 950 [2010]; *see generally People v Clonick*, 289 AD2d 1031, 1032 [2001], *lv denied* 97 NY2d 728 [2002]), regardless of whether the court erred in considering a report that was not in evidence at the grand jury proceeding when granting the People's motion.

Defendant also contends that the court erred in denying his challenge for cause with respect to a prospective juror on the ground that she was biased in favor of a potential witness. We reject that contention. Even assuming, arguendo, that the prospective juror initially made "statements [that] raise[d] a serious doubt regarding [her] ability to be impartial" (*People v Campanella*, 100 AD3d 1420, 1421 [2012], *lv denied* 20 NY3d 1060 [2013] [internal quotation marks omitted]), we conclude that the record establishes that the court thereafter obtained her "unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]). Defendant further contends that the court erred in denying his challenge for cause to the same prospective juror on the ground that she "made numerous statements during jury selection which established her heavy bias towards law enforcement." That contention is raised for the first time on appeal and thus is not preserved for

our review (*see People v Horton*, 79 AD3d 1614, 1615 [2010], *lv denied* 16 NY3d 859 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.