The People of the State of New York, Respondent,
against
Lineton Brown, Appellant.




Appellate Advocates (Golnaz Fakhimi and Benjamin Litman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Keith Dolan and Arieh Schulman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered May 29, 2015. The judgment convicted defendant, after a nonjury trial, of menacing in the third degree and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26 [1]). Defendant's contention that the evidence was legally insufficient is not preserved for appellate review as defense counsel only made a general motion for a trial order of dismissal (see People v Carncross, 14 NY3d 319, 324-325 [2010]). In any event, viewing the evidence in a light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to sustain defendant's convictions.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. This court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. We must then determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Here, we are satisfied that the verdict was not against the weight of the credible evidence with respect to either of the charges.
We reject defendant's contention that he was denied the effective assistance of counsel. As the evidence is legally sufficient to support the convictions, counsel's failure to move for a trial order of dismissal based upon the contentions now raised on appeal does not constitute [*2]ineffective assistance of counsel (see People v Broomfield, 134 AD3d 1443, 1444 [2015]) since such a motion would have had little or no chance of success (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Horton, 79 AD3d 1614, 1616 [2010]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 02, 2018