People v Manning (2020 NY Slip Op 01308)





People v Manning


2020 NY Slip Op 01308


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11134 5351/15

[*1] The People of the State of New York, Respondent,
v
Jonathan Manning, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J. at suppression hearing; Bonnie G. Wittner, J. at jury trial and sentencing), rendered November 22, 2016, convicting defendant of robbery in the third degree and attempted assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial to be preceded by further suppression proceedings in accordance with this decision.
The record did not justify the court's discharge for cause of a selected but unsworn juror. Both defendant and the People initially declined to challenge the juror peremptorily or for cause. However, the prosecutor challenged the juror for cause, over defense objection, after the court, concerned about an important out-of-town meeting that the prospective juror was scheduled to attend on a day before the anticipated conclusion of the trial, announced that it would grant such a challenge. Although subsequent questioning demonstrated that rescheduling the meeting would be inconvenient for the juror, it did not establish that the juror, who never directly asked to be excused for hardship or otherwise, had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based on the evidence adduced at the trial" (CPL 270.20[b]). By way of contrast, in People v Williams (44 AD3d 326, 326 [1st Dept 2007], lv denied 9 NY3d 1010]), we found that the selected but unsworn juror at issue was unfit for service because her scheduling conflict involving a funeral "would make it difficult for her to focus on the trial." Here, the juror's responses did not establish a sufficient basis to sustain a challenge for cause, which was the only issue presented to and ruled upon by the court.
On remand, there should also be a factual determination of the significant issue of whether the plainclothes police officers identified themselves to defendant as the police before defendant fled and the officers chased him. The hearing court made no finding in this regard; nor did it give any detailed explanation of its conclusion that the police actions leading to defendant's arrest were lawful. While this Court possesses the authority to make its own findings where it "has an adequate record" (People v Rodriguez, 258 AD2d 299, 299 [1st Dept 1999], lv denied 93 NY2d 902 [1999]), we find that the record is insufficient for that purpose. Although there was significant evidence indicating that the officers did identify themselves before pursuing defendant, there was also ostensibly contradictory testimony, warranting determination of the issue by a primary factfinder.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK