People v Constable (2021 NY Slip Op 50123(U))

[*1]

People v Constable (Ricky)

2021 NY Slip Op 50123(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2016-1357 K CR

The People of the State of New York,
Respondent,
against
Ricky Constable, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Joyce Slevin and Arieh Schulman of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Alexander Calabrese, J.), rendered January 22, 2016. The judgment convicted defendant, upon
his plea of guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to petit larceny (Penal Law § 155.25) in satisfaction of an
accusatory instrument which had also charged him with criminal possession of stolen property in
the fifth degree (Penal Law § 165.40). On appeal, assigned counsel submitted an Anders
brief (see Anders v California, 386 US 738 [1967]). Upon an independent review of the
record, which revealed that nonfrivolous issues existed, this court held the appeal in abeyance,
granted the application by assigned counsel for leave to withdraw as counsel, and assigned new
counsel to prosecute the appeal (see 64 Misc 3d 145[A], 2019 NY Slip Op 51305[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). New counsel has submitted a brief
contending that the accusatory instrument was facially insufficient, that the Criminal Court failed
to satisfy its duty under People v
Peque (22 NY3d 168 [2013]), and that defendant received the ineffective assistance of
counsel.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Moreover, where a
defendant has pleaded guilty to one or more of the counts actually charged in a multi-count
accusatory instrument, and, on appeal, raises a jurisdictional challenge, the defendant need not
challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the
time the defendant entered the guilty plea; rather, he or she need only challenge the facial
sufficiency of the actual count(s) to which he or she pleaded guilty (see People v Mason, 62 Misc 3d
75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Here, since defendant did
not waive the right to be prosecuted by information, the relevant count of the accusatory
instrument must be evaluated under the standards that govern the sufficiency of an [*2]information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228
[2009]; see also CPL 100.15, 100.40 [1]). 
Pursuant to Penal Law § 155.25, "[a] person is guilty of petit larceny when he steals
property," and, pursuant to Penal Law § 155.05 (1), "[a] person steals property and commits
larceny when, with intent to deprive another of property or to appropriate the same to himself or
to a third person, he wrongfully takes, obtains or withholds such property from an owner
thereof." A person wrongfully takes property when he or she does so without an owner's consent,
and exercises dominion and control over that property for a period of time, however temporary,
in a manner wholly inconsistent with the owner's rights (see People v Olivo, 52 NY2d
309, 318-319 [1981]). Concealing merchandise in one's clothing or in a bag while attempting to
leave a store are among the manifold factors that may be considered in determining whether a
defendant is guilty of larceny in the context of shoplifting, as such factual allegations support
both the taking element of petit larceny as well as the larcenous intent element (see id. at
318-319). Thus, to be facially sufficient, an accusatory instrument need not necessarily allege that
a shoplifter actually left the store (see
People v Teboul, 60 Misc 3d 141[A], 2018 NY Slip Op 51305[U] [App Term, 1st Dept
2018]; People v Kryzhapolsky, 59
Misc 3d 126[A], 2018 NY Slip Op 50345[U] [App Term, 1st Dept 2018]; see generally
Olivo, 52 NY2d at 318). Here, the accusatory instrument, together with the accompanying
supporting deposition, alleged that the manager of the store observed defendant place two steaks,
one package of hot dogs, and a can of soup inside his bag and attempt to leave the store while in
possession of that property without paying for it. Consequently, these factual allegations, if true,
establish every element of petit larceny (see CPL 100.40 [1] [c]) and provide reasonable
cause to believe that defendant committed that offense (see CPL 100.40 [1] [b]). Thus,
the count contained in the accusatory instrument charging defendant with petit larceny, to which
he pleaded guilty, was facially sufficient. 
With regard to defendant's Peque claim, the record demonstrates that defendant was
sentenced three months after his plea proceeding. Yet, during this three-month period, despite
having a reasonable opportunity to do so, defendant failed to move to withdraw his guilty plea or
otherwise raise this claim before the trial court (see People v Delorbe, 35 NY3d 112 [2020]; People v Williams, 27 NY3d 212,
223 n 2 [2016] ["we have never held, either in the plea context or elsewhere, that the defendant's
lack of actual knowledge that an error has occurred, despite an opportunity to learn of the
error, may excuse the defendant from having to preserve his or her claim via objection"]).
Consequently, since defendant also failed to move to vacate the judgment of conviction pursuant
to CPL 440.10, his Peque claim is not preserved for appellate review and none of the
narrow exceptions to the preservation rule apply here (see Delorbe, 35 NY3d at 115,
120-121; Peque, 22 NY3d at 182). Furthermore, we decline to review defendant's
Peque claim as a matter of discretion in the interest of justice. 
Where a defendant's ineffective assistance of counsel claim is predicated on his or her failure
to be advised of the deportation consequences of a guilty plea (see Padilla v Kentucky,
559 US 356 [2010]), which failure does not appear on the face of the record, the defendant must
raise the claim via a CPL 440.10 motion (see Peque, 22 NY3d at 202; People v Haffiz, 19 NY3d 883,
885 [2012]; People v McLean, 15
NY3d 117, 121 [2010]; People v Love, 57 NY2d 998, 1000 [1982]). Here, based
upon the existing record before us, we find that defendant failed to meet his burden of
demonstrating that he had received the ineffective assistance of counsel (see Peque, 22
NY3d at 202; People v Owusu, 60
Misc 3d 130[A], 2018 NY Slip Op 50989[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]). Indeed, the record indicates that, during the plea allocution, the court asked defense
counsel whether she had discussed with defendant how the guilty plea "may affect his
employment, immigration, or housing," and defense counsel responded in the affirmative.
Without the benefit of additional facts that might have been developed after an appropriate
motion, this court cannot conclude that counsel failed to give the requisite immigration advice in
accordance with Padilla or that her representation was otherwise [*3]ineffective under the federal and state standards (see US
Const, 6th Amend; NY Const, art I, § 6; Hill v Lockhart, 474 US 52, 59 [1985];
Strickland v Washington, 466 US 668, 687 [1984]; People v Benevento, 91
NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]). 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021