People v Johnson (2021 NY Slip Op 50357(U))

[*1]

People v Johnson (Latasha)

2021 NY Slip Op 50357(U) [71 Misc 3d 133(A)]

Decided on April 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-988 N CR

The People of the State of New York,
Respondent,
against
Latasha Johnson, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for
appellant.
Nassau County District Attorney (Yael V. Levy and Monica M. C. Leiter of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Eileen J.
Goggin, J.), rendered May 8, 2019. The judgment convicted defendant, upon a jury verdict, of
petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with petit larceny (Penal Law § 155.25), based upon allegations
that defendant stole certain merchandise from a Macy's store. Following a jury trial, defendant
was convicted as charged. Defendant now appeals.
Defendant's challenge to the facial sufficiency of the accusatory instrument is without merit.
To be legally sufficient, the factual portion of an information must contain "facts of an
evidentiary character" (CPL 100.15 [3]; see CPL 100.40 [1] [a]) that provide "reasonable
cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]) and
"[n]on-hearsay allegations [which], if true, [establish] every element of the offense charged and
the defendant's commission thereof" (CPL 100.40 [1] [c]; see People v Barnes, 26 NY3d 986, 990 [2015]; People v Matthew P., 26 NY3d
332, 335 [2015]). "So long as the factual allegations of an information give an accused
notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from
being tried twice for the same offense, they should be given a fair and not overly restrictive or
technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; accord People v Kalin, 12 NY3d
225, 230 [2009]; People v
Konieczny, 2 NY3d 569, 575 [2004]).
Here, the information—comprising the misdemeanor complaint and a store asset
protection employee's supporting deposition (see CPL 170.65 [1])—alleged that, at
a specified date and time, defendant removed a necklace, lip stick, lip gloss and skin care product
from their display shelves inside the Macy's store without permission; concealed those items in
her pocket; and attempted to leave the store in possession of the property without paying for it.
These allegations were legally sufficient to charge defendant with petit larceny (see Penal
Law § 155.25; People v
Constable, 70 Misc 3d 140[A], 2021 NY Slip Op 50123[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2021]; People v Oliver, 2003 NY Slip Op 50994[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2003]). While the factual portion of the complaint and
the supporting deposition do not contain an allegation which specifically states that Macy's was
the owner of the subject merchandise, the aforementioned allegations—given a fair and
not overly restrictive or technical reading—were sufficient to establish the element of
ownership of the merchandise allegedly stolen (see People v Oliver, 2003 NY Slip Op
50994[U]). To the extent that defendant contends that the information contained hearsay
allegations (see CPL 100.40 [1] [c]), defendant's claim was waived by her failure to raise
it before the District Court (see People v Keizer, 100 NY2d 114, 121 [2003]; People v
Casey, 95 NY2d 354, 362-363 [2000]).
Defendant's contention that the People's proof at trial varied from their theory as presented in
the accusatory instrument is unpreserved for appellate review (see CPL 470.05 [2]; People v Cortland, 66 Misc 3d
141[A], 2020 NY Slip Op 50150[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
see generally People v Udzinski, 146 AD2d 245 [1989]). In any event, defendant's
contention lacks merit. The alleged variance between the allegations of the accusatory instrument
and the proof at trial does not amount to a change in the theory of the prosecution, but relates to
matters that were "extraneous or immaterial to the charge[]" (People v Grega, 72 NY2d
489, 497 [1988]; see People v Charles, 61 NY2d 321, 327 [1984]) and "constitutes
merely an alteration in a factual incident that is still consistent with the theory presented" (People v Beard, 148 AD3d 1745,
1746 [2017] [internal quotation marks omitted]). Therefore, defendant had "fair notice of what
the People would attempt to prove" (People v Grega, 72 NY2d at 496) and had ample
opportunity to prepare a defense and avoid prosecution for the same crime (see People v Osinowo, 28 AD3d
1011, 1013 [2006]; People v Cook, 253 AD2d 498, 499 [1998]; People v
Haimovici, 30 Misc 3d 139[A], 2011 NY Slip Op 50230[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2011]; People v
Dimuzio, 7 Misc 3d 134[A], 2005 NY Slip Op 50722[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2005]; People v Wilfong, 146 Misc 2d 577, 579 [App Term, 1st
Dept 1990]).
There is no merit to defendant's contention that the District Court erred in admitting into
evidence the surveillance video depicting the incident because a proper foundation for its
admission was not laid. "The decision to admit . . . videotape evidence generally rests . . . within
a trial court's founded discretion" (People v Patterson, 93 NY2d 80, 84 [1999]), and a
videotape is normally authenticated by the testimony of a participant in the recorded event or of a
witness to the event or to its recording, such as the videographer, that the videotape is a complete
and accurate representation of the subject matter depicted (see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]; People v
Patterson, 93 NY2d at 84; People v Ely, 68 NY2d 520, 527 [1986]). The surveillance
video at issue here was properly authenticated by the asset protection employee, who had
witnessed most of the events depicted on the videotape, identified defendant and himself in [*2]the video after viewing it in court, and testified that the video was a
fair and accurate depiction of the events that had actually transpired (see People v Alston, 169 AD3d 1,
4-5 [2019]; People v Scullion, 137
AD3d 645, 645 [2016]; People v Fondal, 154 AD2d 476, 477 [1989]; People v Williams, 34 Misc 3d
148[A], 2012 NY Slip Op 50179[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2012]).
Defendant's challenge to the legal sufficiency of the evidence supporting her conviction is
only partially preserved for appellate review (see CPL 470.05 [2]; People v Bowen, 53 Misc 3d
149[A], 2016 NY Slip Op 51657[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable
doubt (see People v Danielson, 9
NY3d 342, 349 [2007]). Furthermore, upon the exercise of our factual review power
(see CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), and according
great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and
observe their demeanor (see People v
Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]),
we find that the guilty verdict was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2021