People v Smith (2021 NY Slip Op 07406)





People v Smith


2021 NY Slip Op 07406


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


995 KA 18-02020

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RANDY SMITH, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 30, 2018. The judgment convicted defendant upon a jury verdict of burglary in the second degree (two counts), grand larceny in the fourth degree (two counts), petit larceny (two counts) and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of burglary in the second degree (Penal Law § 140.25 [2]), two counts of grand larceny in the fourth degree (§ 155.30 [4], [8]), two counts of petit larceny (§ 155.25), and one count of criminal mischief in the fourth degree (§ 145.00 [1]). We affirm.
Contrary to defendant's contention, he was not deprived of his right to represent himself at trial. It is well settled that a criminal defendant may invoke the right to proceed pro se, provided: " '(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues' " (People v Silburn, 31 NY3d 144, 150 [2018], quoting People v McIntyre, 36 NY2d 10, 17 [1974]). With respect to the first prong, where a defendant does not "demonstrate an actual fixed intention and desire to proceed without professional assistance in his [or her] defense," the request is not unequivocal (id. [internal quotation marks omitted]). Here, defendant's single statement that he would rather represent himself than continue with his assigned counsel, "made in the alternative to his frequent and unsupported requests for substitution of assigned counsel," was not unequivocal (People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]). Thus, County Court did not err in failing to conduct any further inquiry (see Silburn, 31 NY3d at 152).
Defendant further contends that the court erred in denying his for-cause challenges to two prospective jurors. Even assuming, arguendo, that the court erred in denying defendant's for-cause challenge to prospective juror number 16, we conclude that the error does not require reversal because "the People, not defendant, exercised a peremptory challenge to remove [that] prospective juror" (People v Molano, 70 AD3d 1172, 1174 n 1 [3d Dept 2010], lv denied 15 NY3d 776 [2010]; see CPL 270.20 [2]; People v Dunkley, 189 AD2d 776, 777 [2d Dept 1993], lv denied 81 NY2d 884 [1993]). With respect to defendant's for-cause challenge to prospective juror number 15, defendant used a peremptory challenge to remove that prospective juror, and defendant eventually exhausted all of his peremptory challenges. However, during voir dire, defendant did not raise his current contention that statements made by that prospective juror cast doubt on his ability to apply the proper standard relating to the burden of proof. Thus, that specific contention is unpreserved (see People v Miller, 153 AD3d 1652, 1652-1653 [4th Dept 2017], lv denied 30 NY3d 1062 [2017]; People v Horton, 79 AD3d 1614, 1615 [4th Dept 2010], lv denied 16 NY3d 859 [2011]; People v Chatman, 281 AD2d 964, 964-965 [4th Dept 2001], lv denied 96 NY2d 899 [2001]).
Defendant's sole preserved contention with respect to prospective juror number 15, i.e., that he should have been excused for cause based upon his statement that he would "feel better" if defendant testified, is without merit. CPL 270.20 (1) (b) provides that a party may challenge a prospective juror for cause if the prospective juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at trial." Thus, "a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [2016] [internal quotation marks omitted]). Here, the court obtained the requisite unequivocal assurance from prospective juror number 15 that he would abide by the court's instruction that "the defendant that does not testify as a witness is not a factor from which any inference unfavorable to the defendant may be drawn" (see People v Mitchell, 144 AD3d 1598, 1599-1600 [4th Dept 2016]; People v Ju Ju Jiang, 99 AD3d 724, 725 [2d Dept 2012], lv denied 20 NY3d 1062 [2013]). We disagree with the dissent that "[t]here is no indication in the record that prospective juror number 15 was one of the two prospective jurors who were acknowledged by the court as having given some form of nonverbal assurance that they could follow its instructions." Only three prospective jurors were questioned by defense counsel regarding their desire to hear from defendant. In response to the court's follow-up questions, one prospective juror unequivocally indicated that he could not follow the court's instructions regarding defendant's failure to testify, and the court went on to ask, "[o]kay, anyone else? Can you follow that instruction whether you believe in it or not? I mean, obviously we talked about this. You both can? Okay. All right, thanks" (emphasis added). Having already spoken to one of the three prospective jurors, it is clear that the court was addressing the remaining two prospective jurors who had expressed a desire to hear from defendant—including prospective juror number 15. Furthermore, in denying defense counsel's for-cause challenge, the court stated on the record that both prospective juror number 15 and prospective juror number 16 "said they could follow [its] instructions. I asked them exactly on that . . . but they said no, they could follow it."
In addition, the court must consider the "full record" in determining whether defendant's for-cause challenge should have been granted (People v Johnson, 94 NY2d 600, 615 [2000]). Here, prospective juror number 15 responded "[y]es" when asked by the court if he could assure the court that he would "be fair and impartial and render a verdict in accordance with the evidence and the law as [the court] explain[ed] it."
We reject defendant's related contention that defense counsel was ineffective for failing to raise a potential scheduling conflict of prospective juror number 15 as an additional ground for disqualification. Such a challenge would have had little or no chance of success inasmuch as the potential scheduling conflict "did not establish that the juror, who never directly asked to be excused for hardship or otherwise, had 'a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Manning, 180 AD3d 605, 606 [1st Dept 2020], quoting CPL 270.20 [1] [b]; see generally People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Turner, 5 NY3d 476, 480 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of counts one through four and six of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of a certain witness was incredible as a matter of law, we note that " '[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021]), and we see no reason to disturb the jury's resolution of those issues.
Defendant was properly determined to be a persistent violent felony offender. Contrary to defendant's contention, persistent violent felony offender status is based on recidivism alone (see Penal Law § 70.08 [1] [a]; People v Barnes, 156 AD3d 1417, 1420 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]), and thus matters such as defendant's history and character were not relevant to that determination (cf. Penal Law § 70.10 [2]). Defendant's sentence is not unduly harsh or [*2]severe.
All concur except DeJoseph, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent because, although I agree with the majority with respect to the other issues raised on appeal, I do not agree that prospective juror number 15 stated unequivocally on the record that he could be fair and impartial (see People v Warrington, 28 NY3d 1116, 1119-1120 [2016]). During defense counsel's voir dire, prospective juror number 15 gave a nonverbal response, agreeing with another prospective juror, who stated that he would "like to hear [defendant] testify" and would "[p]ossibly" hold it against defendant if he did not testify. Prospective juror number 15 also stated that he would "feel better" if defendant testified, but that he would not hold it against defendant if he did not testify "as long as . . . somebody was fighting for him[.]" As the majority implicitly acknowledges, the statements made by prospective juror number 15 "raise[d] a serious doubt regarding [his] ability to be impartial" (id. at 1119 [internal quotation marks omitted]). Thus, County Court was required to excuse prospective juror number 15 unless he stated "unequivocally on the record" that he could be "fair and impartial" (People v Clark, 171 AD3d 1530, 1530 [4th Dept 2019] [internal quotation marks omitted]; see People v Chambers, 97 NY2d 417, 419 [2002]).
After defense counsel finished his round of voir dire, the court addressed the panel of prospective jurors, stating, "I do have one question for you on this. Once again, you'll be required to follow my instructions on the law whether you like it or not. And in particular, the instruction, the defendant that does not testify as a witness is not a factor from which any inference unfavorable to the defendant may be drawn. Can you all abide by that particular legal instruction?" After one prospective juror—who was successfully removed for cause—advised that he would not be able to follow the court's instruction, the court continued, "[o]kay, anyone else? Can you follow that instruction whether you believe in it or not? I mean, obviously we talked about this. You both can? Okay. All right, thanks."
There is no indication in the record that prospective juror number 15 was one of the two prospective jurors who were acknowledged by the court as having given some form of a nonverbal assurance that they could follow its instruction, and the nature of the nonverbal assurance provided by those prospective jurors is not identified in the record. I therefore disagree with the conclusion of the majority that the court "obtained the requisite unequivocal assurance" from prospective juror number 15 (see People v Strassner, 126 AD3d 1395, 1396 [4th Dept 2015]; see also People v Padilla, 191 AD3d 1347, 1348 [4th Dept 2021]; People v Holmes, 302 AD2d 936, 936 [4th Dept 2003]). I also disagree with the majority's further reliance on a previous assurance from prospective juror number 15 that he could be "fair and impartial and render a verdict in accordance with the evidence and the law as [the court] explain[ed] it." Although we must consider the "full record" in determining whether a challenge for cause should have been granted (People v Johnson, 94 NY2d 600, 615 [2000]), the prior assurance from prospective juror number 15 came before he made his statements that raised a serious doubt regarding his ability to be impartial. Thus, in making his prior assurance, prospective juror number 15 was never forced to "confront the crucial question whether [he] could be fair to this defendant in light of [his] expressed predisposition" (People v Arnold, 96 NY2d 358, 363-364 [2001]).
Inasmuch as defendant peremptorily challenged prospective juror number 15 and thereafter exhausted all available peremptory challenges, I would reverse the judgment of conviction and grant defendant a new trial (see CPL 270.20 [2]; People v Cobb, 185 AD3d 1432, 1433 [4th Dept 2020]; Clark, 171 AD3d at 1531-1532).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court