People v Hubert (2022 NY Slip Op 51367(U))

[*1]

People v Hubert (Kerry)

2022 NY Slip Op 51367(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-51 S CR

The People of the State of New
York, Respondent,
against
Kerry C. Hubert, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered
November 23, 2021. The judgment convicted defendant, upon her plea of guilty, of
speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
On November 23, 2021, defendant pleaded guilty to the charge of speeding (Vehicle
and Traffic Law § 1180 [d]) and the court imposed a fine in the amount of $495 and
suspended defendant's license for 60 days. 
Where a defendant's complaint about counsel is predicated on factors that do not
appear on the face of the record, such as counsel's strategy, advice or preparation, the
defendant must raise his or her claim via a CPL 440.10 motion (see People v Peque, 22 NY3d
168, 202 [2013]; People v
Haffiz, 19 NY3d 883, 885 [2012]; People v McLean, 15 NY3d 117, 121 [2010]; People v
Denny, 95 NY2d 921, 923 [2000]; People v Love, 57 NY2d 998, 1000
[1982]). Here, based upon the existing record before us, without the benefit of additional
facts that might have been developed after an appropriate motion, we find that defendant
failed to meet her burden of demonstrating that she had received the ineffective
assistance of counsel (see Peque, 22 NY3d at 202; People v Constable, 70 Misc
3d 140[A], 2021 NY Slip Op 50123[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2021]).
As to defendant's assertion that she did not receive automatic discovery from the
prosecution during the 19-day period between her receipt of the ticket and her guilty
plea, defendant is not entitled to any relief on appeal because she failed to make a motion
pursuant to CPL 245.25 (2) alleging such a violation. Defendant's remaining contention
raised in her appellant's brief, pertaining to the authority of a judicial hearing officer at
the District Court of Suffolk County, Suffolk County Traffic and Parking Violations
Agency to impose a license suspension, goes beyond the scope of what was raised in the
affidavit of errors and, consequently, that claim is unpreserved for appellate review (see People v Wahl, 75 Misc 3d
40, 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Sarant, 60 Misc 3d
140[A], 2018 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]; People v Massian,
60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2018]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022